**HEALTHSCRIPT, INC., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9908–CR–370.

Court of Appeals of Indiana.

Dec. 12, 2000.

David F. McNamar, McNamar, Fearnow & McSharar, P.C., Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

BAKER, Judge.

This case is before us on a petition for rehearing filed by Healthscript, Inc. (Healthscript), requesting that this court reconsider its decision in *Healthscript, Inc. v. State,* 724 N.E.2d 265 (Ind.Ct.App.2000). In our original opinion, we upheld the trial court's denial of Healthscript's motion to suppress and motion to dismiss with respect to criminal charges lodged against it for Medicaid Fraud,[1] a class C felony. After considering the contentions advanced by the parties at oral argument held in Indianapolis on June 8, 2000, along with the briefs that have been submitted to this court on rehearing, we now grant Healthscript's petition in part.

### I. Search Warrant and Factual Contentions

In our original opinion, we observed that two of Healthscript's employees provided information to a Detective with the Marion County Sheriff's Department with respect to various Medicaid billings. *Id.* After hearing oral argument, we acknowledge Healthscript's assertion that such information was received from an investigator with the Medicaid Fraud Control Unit. Specifically, the affidavit for a search warrant executed by the sheriff's deputy states in pertinent part that she "developed probable cause to believe

---

1. IND. CODE § 35–46–1–4.

that Healthscript, Inc. and Respiratory Partners, Kathy Woodcock and Melissa Karle, conspired with and solicited nursing facilities to engage in a scheme which would allow Healthscript, Inc. to provide, at no charge to the nursing homes, sterile water." Record at 19. The affidavit goes on to note that the Medicaid fraud investigator had reviewed the Medicaid billings for Healthscript and learned that a portion of unused sterile water that had been returned would be redistributed to other patients, whereupon Healthscript would again bill Medicaid. R. at 20. As a result, the deputy requested that a search warrant be issued based upon probable cause that Healthscript had committed Medicaid fraud. R. at 21.

We also agree with Healthscript's contention that the time in which Medicaid had purportedly paid Healthscript was from October 22, 1997, until November 11, 1998.[2] R. at 204. Notwithstanding this court's correction of such factual assertions, we affirm that portion of the opinion which determined that the search warrant was validly issued. In short, Healthscript's allegations with respect to this issue cast no bearing upon our decision as to the propriety and validity of the search warrant. Thus, we uphold that portion of our original opinion which determined that the trial court properly denied Healthscript's motion to suppress.

## II. Motion To Dismiss

◼ Healthscript next maintains that we erred in affirming the trial court's denial of its motion to dismiss. It argues that the offense, as charged, subjected it to criminal liability only for violating an administrative regulation. More specifically, Healthscript urges that the trial court should have dismissed the criminal proceedings because our Medicaid Fraud statutes[3] do not encompass a situation where a

provider, such as Healthscript, charges Medicaid in an amount more than its usual and customary charge.

After further reflection regarding this issue, it is apparent that this court's recent opinion in *Herron v. State,* 729 N.E.2d 1008 (Ind.Ct.App.2000), *trans. denied,* controls the outcome of this case. In *Herron,* we reversed the trial court's denial of the defendant's motion to dismiss where it was determined that the statutory definition of "dependent" does not include an unborn child for the purposes of the neglect of a dependent statute.[4] *Id.* at 1010.

In arriving at such a result, we noted that:

A court may not read into a statute that which is not the expressed intent of the legislature. Criminal statutes cannot be enlarged by construction, implication, or intendment beyond the fair meaning of the language used....

. . . .

Where Indiana's General Assembly has previously sought to criminalize conduct affecting unborn children, it has done so specifically.... We cannot expand the General Assembly's definition of a dependent and, consequently, the intended application of the neglect of a dependent statute, beyond the fair meaning of the words used.

*Id.* at 1010–11.

Following the reasoning set forth in *Herron,* it is apparent in this circumstance that our General Assembly has not proscribed a charge in excess of the "usual and customary charge" within the meaning of our Medicaid Fraud statutes. Rather, such a prohibition is embodied only in administrative rule 405 IAC 1–6–21.1. In essence, I.C. § 12–15 does not criminalize a breach of the administrative rules. While regulations may be considered in I.C. § 12–15–24–1 with respect to criminal

---

2. As the result of a typographical error, our original opinion indicated that the time frame in which Healthscript billed Medicaid was from October 27, 1997 until November 11, 1997.

3. IND. CODE § 12–15, *et seq.*

4. IND. CODE § 35–46–1–4.

offenses, the language of this section is specifically limited to a violation of our theft statute, I.C. § 35–43–4–2, and we cannot say that any "new crime" was created by the incorporation of various regulations into the Medicaid Fraud Statute in this instance.

More particularly, our Medicaid Fraud statutes demonstrate that our legislature has not specifically proscribed a charge in excess of the "usual and customary charge" which would impose criminal liability for the violation of that rule. Thus, inasmuch as Healthscript was not charged with theft, we are prohibited from expanding the Medicaid Fraud Statutes to include the violation of an administrative regulation. As a result, we conclude that the trial court should have granted Healthscript's motion to dismiss relating to the charges of Medicaid Fraud. *See id.* Thus, we grant Healthscript's petition for rehearing with respect to this contention. Subject to our decision in light of our above discussion, we reaffirm our earlier holding in all other respects.

SULLIVAN, J., and BAILEY, J., concur.